David H. Bernstein (dhbernstein@debevoise.com)
Michael Schaper (mschaper@debevoise.com)
Christopher J. Hamilton (cjhamilton@debevoise.com)
Benjamin Sirota (bsirota@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6696 (telephone)
(212) 521-7696 (facsimile)

Attorneys for Plaintiff Bayer HealthCare LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BAYER HEALTHCARE LLC,

        Plaintiff,

        v.

CIPLA LTD., VERITAS PHARMA PTE. LTD. d/b/a OTC PET MEDS, RONIN VENTURES PTE. LTD. d/b/a TRUSTED PET MEDS, OKPET.COM, ARCHIPELAGO SUPPLIERS PTY LTD d/b/a FREEDOM-PHARMACY.COM and USAPHARMACYPILLS.COM, HEALTHY CHOICE PHARMACY.COM INC. d/b/a THE PHARMACY EXPRESS, SAVA MEDICARE LTD. and ABC COMPANIES 1-100,

        Defendants.

------------------------------------------------------------x

11 CIV. 6347 (PKC)

ECF CASE

**DECLARATION IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS VERITAS PHARMA PTE. LTD. d/b/a OTC PET MEDS, RONIN VENTURES PTE. LTD. d/b/a TRUSTED PET MEDS AND OKPET.COM**

CHRISTOPHER J. HAMILTON hereby declares as follows:

1. I am a member of the Bar of this Court and associated with the law firm of Debevoise & Plimpton LLP, attorneys for the Plaintiff Bayer HealthCare LLC ("Bayer")

in the above-entitled action. I am familiar with all the facts and circumstances in this action.

2. I submit this declaration in support of Plaintiff's application for entry of default against defendants Veritas Pharma Pte. Ltd. d/b/a OTC Pet Meds ("OTC Pet Meds"), Ronin Ventures Pte. Ltd. d/b/a Trusted Pet Meds ("Trusted Pet Meds") and OKPet.com (collectively the "Defaulting Parties") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1 of the Local Rules of the United States District Court for the Southern District of New York.

3. This action was commenced by the filing of a Complaint on September 12, 2011. An Amended Complaint was served on November 2, 2011 and filed on November 3, 2011. A copy of the Amended Complaint (without exhibits) is attached hereto as Exhibit 1. The Complaint alleges that the Defaulting Parties engaged in trademark counterfeiting, trademark infringement, false advertising, unfair competition and deceptive acts under federal and New York law through their sale to United States consumers, via the internet, of a knock-off flea and tick preventative named DA DOUBLE ADVANTAGE, which counterfeits Bayer's ADVANTAGE® trademark. The Amended Complaint also alleges that the Defaulting Parties engaged in trademark infringement through the advertisement and sale to U.S. customers of a Bayer product intended for sale in non-U.S. territories, ADVANTIX®, which is materially different from Bayer's K9 ADVANTIX® product generally available in the United States.

2

4. This Court has original jurisdiction over this action arising under the Lanham Act, 15 U.S.C. §1051, et seq., pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b). This Court has supplemental jurisdiction over all other claims asserted under 28 U.S.C. § 1367(a). This Court has personal jurisdiction over the Defaulting Parties pursuant to C.P.L.R. § 302(a).

5. On September 12, 2011, the Clerk of this Court issued a Summons for the Defaulting Parties. On September 14, 2011, the Defaulting Parties were served with the summons and complaint by e-mail in compliance with the Court's Order entered September 14, 2011. The Defaulting Parties were served at the following addresses:

- Veritas Pharma Pte. Ltd., d/b/a OTC Pet Meds, by e-mail at sales@otcvetmeds.com and wholesale@otcvetmeds.com;

- Ronin Ventures Pte. Ltd. d/b/a Trusted Pet Meds by e-mail at sales@trustedpetmeds.com and support@trustedpetmeds.com; and

- OKPet.com by e-mail at info@okpet.com and techsupport@okpet.com.

6. A copy of the Summons and the Certificate of Service, filed with this Court on September 14, 2011, are attached hereto as Exhibit 2.

7. On November 2, 2011, Bayer's Amended Complaint was served by e-mail on the Defaulting Parties at the same addresses listed in paragraph 5. A copy of the Certificate of Service, filed with this Court on November 3, 2011, is attached hereto as Exhibit 3.

8. In correspondence with Plaintiff's counsel, Defendant OTC Pet Meds has stated: "Bayer as well as USA jurisdiction are not authorized to force us legally [sic]." OTC Pet Meds does not deny, though, that it has contracted to supply DA DOUBLE ADVANTAGE and ADVANTIX® pet medicines to consumers in this district and has in fact shipped such medicines into this District, nor does it deny that it derives substantial revenue from international commerce. Regardless of whether OTC Pet Meds agrees to submit to the jurisdiction of this Court, this Court has long-arm jurisdiction over OTC Pet Meds pursuant to C.P.L.R. § 302(a).

9. Neither Trusted Pet Meds nor OKPet.com corresponded with Bayer or Bayer's counsel, nor did they appear in this action or oppose Bayer's motion for a preliminary injunction. Neither Trusted Pet Meds nor OKPet.com denies that it has contracted to supply DA DOUBLE ADVANTAGE and ADVANTIX® pet medicines to consumers in this district and have in fact shipped infringing products into this District; nor do they deny that they derive substantial revenue from international commerce. Regardless of whether these defendants agree to submit to the jurisdiction of this Court, this Court has long-arm jurisdiction over the them pursuant to C.P.L.R. § 302(a).

10. The Defaulting Parties are not minors, incompetents or members of the military.

11. The Defaulting Parties were required to respond to the Amended Complaint within 17 days of service (that is, by November 21, 2011). Plaintiff has not agreed to, nor have Defaulting Parties requested, any extension of time to respond.

12. By close of business, November 21, 2011, no answer or motion had been filed by any of the Defaulting Parties.

13. The Clerk of this Court therefore should enter a default against the Defaulting Parties pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. See Exhibit 4.

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Dated: New York, New York
       November 23, 2011

                                              /s/ Christopher J. Hamilton
                                              Christopher J. Hamilton