*Castel, J*

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____         │
│ DATE FILED: 12-6-11         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x
                                   :

BAYER HEALTHCARE LLC,           :

                                   :

            Plaintiff,              :    11 CIV. 6347 (PKC)

                                   :

             v.                  :    ECF CASE

                                   :

CIPLA LTD., VERITAS PHARMA PTE. LTD. d/b/a OTC :
PET MEDS, RONIN VENTURES PTE. LTD. D/B/A       :   **DEFAULT JUDGMENT**
TRUSTED PET MEDS, OKPET.COM, ARCHIPELAGO   :        **AND ORDER**
SUPPLIERS PTY LTD d/b/a FREEDOM-               :
PHARMACY.COM and USAPHARMACYPILLS.COM,   :
HEALTHY CHOICE PHARMACY.COM INC. d/b/a THE :
PHARMACY EXPRESS, SAVA MEDICARE LTD. and   :
ABC COMPANIES 1-100,                        :

                                   :

           Defendants.             :

———————————————————————————— x

        WHEREAS this trademark action was commenced by Bayer HealthCare LLC ("Bayer")

against defendants including Veritas Pharma Pte. Ltd. d/b/a OTC Pet Meds ("OTC Pet Meds");

Ronin Ventures Pte. Ltd. d/b/a Trusted Pet Meds ("Trusted Pet Meds"); and OKPet.com

(collectively the "Defaulting Parties") on September 12, 2011 by the filing of the Summons and

Complaint asserting that the defendants (including the Defaulting Parties) engaged in trademark

counterfeiting and infringement, false advertising, unfair competition and deceptive acts under

federal and New York law through its sale to United States consumers, via the internet, of a

knock-off flea and tick preventative named DA DOUBLE ADVANTAGE that counterfeits

Bayer's ADVANTAGE® trademark; and

WHEREAS the Complaint also alleges that the defendants (including the Defaulting Parties) engaged in trademark infringement through the advertisement and sale to U.S. customers of a Bayer product intended for sale in outside of the United States, ADVANTIX®, which is materially different from Bayer's K9 ADVANTIX® product generally available in the United States; and

WHEREAS a copy of the Summons and Complaint as well as Plaintiff's Motion for a Preliminary Injunction was served via e-mail on the Defaulting Parties on September 14, 2011 pursuant to an order of this Court entered September 14, 2011; and

WHEREAS a copy of the Amended Complaint was served on the Defaulting Parties on November 2, 2011; and

WHEREAS the Defaulting Parties have failed to answer the Complaint or oppose Bayer's Motion for a Preliminary Injunction; and

WHEREAS the Court entered a Preliminary Injunction Order on November 3, 2011;

WHEREAS the Clerk of the Court issued a Certificate of Default against the Defaulting Parties on November 23, 2011; and

WHEREAS Plaintiff served a Notice of Motion for a Default Judgment on the Defaulting Parties by e-mail on November 30, 2011; and

WHEREAS the Defaulting Parties have not responded to Plaintiff's Motion.

NOW THEREFORE, it is ORDERED, ADJUDGED and DECREED:

1.    That each of OTC Pet Meds, Trusted Pet Meds and OKPet.com, each of their officers, agents, servants, employees and attorneys, and all parties in active concert or participation with them or any of them, are permanently enjoined from distributing, selling, offering for sale, advertising, promoting or displaying in the United States (including in any way to United States consumers), or being

2

involved in the distribution, sale, offer for sale, advertisement, promotion, or display in the United States, of DA DOUBLE ADVANTAGE;

2.   That each of OTC Pet Meds, Trusted Pet Meds and OKPet.com, each of their officers, agents, servants, employees and attorneys, and all parties in active concert or participation with them or any of them, are permanently enjoined from distributing, selling, offering for sale, advertising, promoting or displaying in the United States (including in any way to United States consumers), or being involved in the distribution, sale, offer for sale, advertisement, promotion, or display in the United States, of any pet medicine products made by foreign affiliates of Bayer that are not intended for sale in the United States, including but not limited to ADVANTIX®;

3.   That each of OTC Pet Meds, Trusted Pet Meds and OKPet.com, each of their officers, agents, servants, employees and attorneys, and all parties in active concert or participation with them or any of them, are enjoined and restrained from making any false or misleading statements in connection with the advertising, promotion or sale in the United States of DA DOUBLE ADVANTAGE (or the same product under a different name), including any statements that DA DOUBLE ADVANTAGE (or the same product under a different name) is "equivalent" to or a "generic" version of any Bayer pet medicine product sold in the United States;

4.   That each of OTC Pet Meds, Trusted Pet Meds and OKPet.com shall recall from any and all U.S. channels of distribution any and all infringing products and promotional materials and take affirmative steps to dispel the false impressions that heretofore have been created, including but not limited to corrective advertising directed to the trade, retail establishments and consumers;

5.   That OTC Pet Meds shall pay Bayer statutory damages of $100,000 USD pursuant to 15 U.S.C. § 1117(c) by reason of its counterfeiting of Bayer's federally registered trademarks;

6.   That Trusted Pet Meds shall pay Bayer statutory damages of $100,000 USD pursuant to 15 U.S.C. § 1117(c) by reason of its counterfeiting of Bayer's federally registered trademarks;

7.   That OKPet.com shall pay Bayer statutory damages of $100,000 USD pursuant to 15 U.S.C. § 1117(c) by reason of its counterfeiting of Bayer's federally registered trademarks; and

3

8.     That each of OTC Pet Meds, Trusted Pet Meds and OKPet.com shall file with the Court and serve on counsel for Bayer within thirty (30) days after entry of this Order, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which that Defendant has complied with the Order.

SO ORDERED this ___ day of December, 2011

_____
U.S.D.J.

4