**MEMO ENDORSED**

**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-26-12

RECEIVED JAN 26 2012 CHAMBERS OF P. KEVIN CASTEL

January 25, 2012

*Pre-motion conference waived. Motion SO ORDERED* /s/ PKC USDJ 1-26-12

**BY HAND**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007-1312

<u>**Bayer HealthCare LLC v. Cipla Ltd., 11 Civ. 6347 (PKC)**</u>

Dear Judge Castel:

     We represent plaintiff ("Bayer") in the above-captioned case.  Pursuant to Rule 2.A.1. of Your Honor's Individual Practices, we write to request a pre-motion conference with respect to a motion for a finding of civil contempt and sanctions against Veritas Pharma Pte. Ltd. d/b/a OTC Pet Meds ("OTC Pet Meds"), Ronin Ventures Pte. Ltd. d/b/a Trusted Pet Meds ("Trusted Pet Meds") and OKPet.com (collectively, "Defendants").

     Defendants have refused to comply with the Default Judgment and Order executed by the Court on December 6, 2011 (the "Order").  The Order requires, among other things, that each of the Defendants shall recall any and all infringing products, pay Bayer statutory damages of $100,000 USD, and file with the Court a sworn written statement detailing its compliance with the Order.  Defendants have done none of these.  In addition, OKPet.com apparently continues to sell infringing gray market ADVANTIX® into the United States.[1]  Defendants' noncompliance entitles Bayer to a finding of contempt.  *See Dell Inc. v. Compudirect, Inc.*, 316 Fed. App'x. 35, 35, 37 (2d Cir. 2009) (failure timely to file proof of compliance and evidence of further attempts to sell infringing products on eBay supported finding of contempt); *Mattina v. Saigon Grill Gourmet Rest. Inc.*, No. 08 Civ. 3332, 2009 WL 323507, at *7 (S.D.N.Y. Feb. 4, 2009)

---

[1]  Trusted Pet Meds appears to have shut down the website through which it made the sales of infringing products at issue in this case.  OTC Pet Meds does appear to have complied with the Order's requirement that it cease selling both DA DOUBLE ADVANTAGE and ADVANTIX® through its website at otcvetmeds.com.  Because none of the Defendants has filed or served a written statement of compliance, however, Bayer has no way of knowing whether any of the Defendants continue to sell infringing products through other websites.

Hon. P. Kevin Castel                              2                          January 25, 2012

(finding clear and convincing evidence that defendant failed to file sworn affidavit about its compliance with a consent judgment, as required by that order); *Mingoia v. Crescent Wall Sys.*, No. 03 Civ. 7143, 2005 WL 9917733, at *2 (S.D.N.Y Apr. 26, 2005) (finding contempt where order clearly set forth obligation to pay a sum certain and failure to pay was failure to comply with the order).

    Bayer therefore intends to seek an award of sanctions reasonably tailored to coerce the Defendants into compliance. First, Bayer will ask the Court to order the domain name registry Verisign Inc. to prevent Defendants from using the domain names through which they have engaged in infringement. *See Novartis Animal Health US, Inc. v. Abbeyvet Export Ltd.*, slip. op., 05 CV 4688, at ¶ 1 (S.D.N.Y. Oct. 19, 2005) (ordering Verisign to block the use of domain names through which defendant was engaged in infringing activities). Second, Bayer intends to ask the Court to require financial services companies (including banks and credit card companies) and telecommunications companies to suspend all services rendered to the Defendants. *See Novartis Animal Health US, Inc. v. Abbeyvet Export Ltd.*, slip. op., 05 CV 4688, at ¶ 5 (S.D.N.Y. Feb. 6, 2006). Third, Bayer intends to ask the Court to order search engine operators to discontinue the running of any advertisements for OKPet.com, which continues to sell infringing product. *See id.* at ¶ 6. Finally, Bayer intends to ask the Court to order the Defendants to pay Bayer a fine of $1000 per calendar day until such time as they fully comply. *See A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 297 (S.D.N.Y. 2000).

    Given that the Defendants have consistently refused to participate in this proceeding, we respectfully suggest that the conference scheduled for Friday, January 27, might be sufficient for the pre-motion conference required by Your Honor's Individual Practices. We thank the Court for its attention to this matter.

                                      Respectfully yours,

                                      Christopher J. Hamilton

cc:    Parties on the attached service list

23588582v3